## UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF NEW MEXICO

**FIDAL JAWAD, as Parent and Next Friend
of John Doe, a minor child**,

    Plaintiff,

v.                                                              **CIV NO. 04-941 JP/DJS**

**GALLUP McKINLEY COUNTY PUBLIC
SCHOOLS,** *et al.*,

    Defendants.

## **RECOMMENDATION**

**THIS MATTER** comes before the Court *sua sponte*. On April 20, 2005, a hearing was held regarding the fairness and adequacy of the proposed settlement of this case. The Court heard presentations by Plaintiff's counsel, Defendants' counsel, and the minor plaintiff's Guardian *Ad Litem*, William Keeler, Esq..

This case is a suit pursuant to 42 U.S.C. §1983 and §1988 which includes pendant state tort claims. Plaintiff contends that his son, who was seven years old, was subject to discrimination and ridicule by his teacher. In addition, Plaintiff asserts that teacher kicked his son following a playground dispute and that the other Defendants failed to investigate his complaints or take any action against the teacher. The child did not suffer any permanent physical damage from the alleged assault.

The Guardian *Ad Litem* reviewed submissions of counsel and consulted with Plaintiff Fidal Jawad, who appears in this action as his child's parent and next friend. The sum agreed upon for

settlement will be divided, with one-third going to Plaintiff's counsel for attorney's fees and the costs associated with this action. The remainder of the sum will be placed into an annuity, which will result in a sum equivalent to the full amount of the settlement being paid to the minor child on October 14, 2014.

The Court finds that the proposed settlement will result in a substantial sum being paid to the minor child for whom Plaintiff brought this action. Review of the file and of the pleadings, this Court finds that the sum to be paid Plaintiff's counsel is reasonable and appropriate for the nature of the case and the work performed in pursuing the action. Counsel's efforts were instrumental in obtaining a substantial settlement. Taking into account Mr. Keeler's recommendation, this Court finds that the settlement is in the best interest of the child. Given the facts of the case and the possibility of recovery, the settlement is the best provision for the minor child, John Doe's, needs.

**IT IS THEREFORE RECOMMENDED** that the Court approve the terms of the settlement and enter an order dismissing this action upon its terms.

_____
**DON J. SVET**
**UNITED STATES MAGISTRATE JUDGE**